## ROSNER NOCERA & RAGONE, LLP

JOHN A. NOCERA*
RANDY G. ROSNER*
PETER A. RAGONE*
GERALD M. JACOBS*
ELIOT L. GREENBERG*
JOHN P. FOUDY
ANTHONY L. COTRONEO •
ELAINE LAU
JOSEPH GOLJAN
LUIGI TOLLIS
RAPHAEL I. RUTTENBERG
SCOTT J. KANTOR

ATTORNEYS AT LAW
61 BROADWAY
SUITE 1900
NEW YORK, N.Y. 10006-2706

PHONE: 212-635-2244
FACSIMILE: 212-635-0533
EMAIL: INFO@RNRLAWGROUP.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/01/2013

July 26, 2013

* ADMITTED IN N.Y. AND N.J.
• ADMITTED IN N.Y., N.J. AND CT

**Via E-Mail** schofieldNYSDChambers@nysd.uscourts.gov
Hon. Lorna G. Schofield, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   Wachovia Bank v. Majapara Casa De Cambio S.A. de C.V.
      Case No.: 07-CV-11230-LGS

Dear Judge Schofield:

This firm is counsel for Wells Fargo Bank, N.A., the successor by merger to plaintiff Wachovia Bank, N.A. ("Wachovia"), with respect to the pending motion for judgment against garnishee Citibank, N.A. ("Citibank") in the above-referenced case. This letter will serve to update the Court on the status of this matter pursuant to Your Honor's Order of April 1, 2013.  There have been no significant changes since the status letter dated March 28, 2013. As set forth below, plaintiff and defendant are still awaiting the final distribution to be made in the Mexican Bankruptcy proceeding.

1.     The sole remaining component of this case concerns Wachovia's pending motion for judgment against garnishee, Citibank.  Wachovia initially commenced this action seeking to recover $24,711,845 in damages owed by Majapara Casa de Cambio S.A. de C.V. ("Majapara") with respect to a $38,132,700 foreign currency exchange transaction.

Briefly stated, on December 5, 2007, Majapara agreed to pay $38,132,700 to Wachovia in exchange for 26 million Euros from Wachovia.  On December 7, 2007, Wachovia delivered 26 million Euros to Majapara, but Majapara failed to deliver

$38,132,700 (USD) to Wachovia.[1]  As set forth below, Majapara's liability to Wachovia for such currency transaction was eventually adjudicated in another forum, namely in Majapara's subsequent Mexican bankruptcy case.

On March 21, 2008, Wachovia filed a Notice of Motion for Judgment against garnishee Citibank pursuant to Fed. R. Civ.P. 64 and N.Y. CPLR § 6214(d) (the "Motion for Judgment").  In the Motion for Judgment, Wachovia seeks damages of $1,843,715.44, representing funds on deposit in Majapara's account at Citibank when the December 21, 2007 Order of Attachment issued by this Court was served.  The Motion for Judgment has been subsequently stayed and/or suspended, as described in No. 3 below.

2.      Damages of $1,843,715.44 are sought by Wachovia against Citibank.  The debt due to Wachovia from Majapara has been adjudicated to be $14.6 million (USD) in Majapara's bankruptcy proceeding, and it is expected that less than $2 million in distributions will received by Wachovia in that proceeding.

3.      The Motion for Judgment is currently on the Court's suspense docket as a result of defendant Majapara's bankruptcy filing in Mexico and an Ancillary Proceeding filed in the U.S. Bankruptcy Court for the Northern District of Illinois (see below).  Wachovia and Citibank stipulated to extend Citibank's time to oppose Wachovia's Motion for Judgment to "twenty one days following receipt of written notice from plaintiff to Citibank N.A.'s attorney of record that the Adversary Proceeding has finally been adjudicated or that the Bankruptcy Case has been dismissed "(Docket entry No. 66, September 18, 2008).  The Stipulation was so-ordered by the Court, and on October 3, 2008, this case was transferred to the Court's suspense docket.

By way of background, on March 5, 2008, Majapara filed a petition for relief under U.S. Bankruptcy Code Chapter 11 in the U.S. Bankruptcy Court for the Northern District of Illinois (08-5230).  On March 24, 2008, Defendant Majapara filed an Adversary Proceeding against Wachovia (08-00177) (the "Adversary Proceeding"), which sought, among other things, the vacatur of the Attachment issued in this Action in favor of Wachovia against the property of Majapara.  By Order and Memorandum Decision dated July 9, 2008, the Adversary Proceeding filed by Majapara was dismissed. However, Defendant Majapara filed a Notice of Appeal of the Order and Memorandum Decision, which Appeal was dismissed on February 5, 2009.

On December 24, 2008, Majapara interposed a motion to dismiss its Chapter 11 Bankruptcy Case and alternatively sought relief under Chapter 15 of the U.S. Bankruptcy Code (Recognition of Foreign i.e., Mexican, Bankruptcy Proceeding).  On

---

[1] Wachovia sued for $24,711,845 rather than $38,132,700, since it was able to offset the sum of $13,420,155 on deposit by Majapara with Wachovia.

January 15, 2009, the Bankruptcy Court, dismissed Majapara's Chapter 11 proceeding and granted recognition pursuant to 11 U.S.C. Section 1521 of the proceeding entitled <u>The Matter of Comission Nacional Bancaria y de Valores v. Casa de Cambio Majapara S.A. de C.V.</u>, pending in the second District Court for Civil Matters in and for the Federal District, Mexican States (the "Mexican Bankruptcy Proceeding").

On or about April 7, 2009, the court in the Mexican Bankruptcy Proceeding, recognized Wachovia's Claim as a creditor of Majapara to the extent of $23,317,728.77 U.S. (240,308,509.61 Pesos or 59,732,535.74 "Investment Units").

On or about December 23, 2010, Wachovia and Majapara entered into a "Global Agreement" in conjunction with Majapara's Mexican Bankruptcy Proceeding, concerning, among other things, the claims, causes of action, defenses and counterclaims asserted in this Action.  In the Global Agreement, it was agreed that Wachovia's allowed claim in the Mexican Bankruptcy Proceeding be reduced to 37,473,666.40 "Investment Units" (<u>i.e.</u>, approx 62.7% of the original claim amount of $23 million U.S. or $14.6 million (USD)).

The Global Agreement provided for the dismissal of this Action, with the sole exception of the First Cause of Action asserted in Wachovia's complaint, which remains pending.  The Global Agreement further provided for the entry of judgment in this Court in favor of Wachovia and against Majapara in an amount equal to Wachovia's allowed claim (less any bankruptcy distributions made to Wachovia) in the event this Court determines that the entry of judgment in favor of Wachovia as against Majapara is a pre-requisite to Wachovia fully adjudicating its Motion for Judgment as against Citibank.

To date, only $1,013,109.00 (USD) in distributions have been made to Wachovia in the Mexican Bankruptcy proceeding.  We are informed by the Trustee in that case that the final distribution to Wachovia is expected to be approximately $750,000 (USD). Once the Trustee submits the final creditor distribution for Court approval, creditors will have five (5) days to object. The Trustee expects that the Court will rule on objections, if any, within 30 days thereafter, and at such time the final distribution in the Mexican Bankruptcy proceeding will be made.

At the conclusion of Mexican Bankruptcy Proceeding, Wachovia intends to provide Citibank with written notice pursuant to the Stipulation and Order dated September 18, 2008 (Docket No. 66) of its intention to proceed with its pending Motion for Judgment.

4.     Wachovia was a national banking association, organized and existing under the laws of the United States.  At the time this action was commenced, Wachovia

maintained its principal place of business in the State of North Carolina.  Currently,
Wells Fargo maintains its principal place of business in the State of California.
Defendant Majapara was and is a Mexican banking corporation, maintaining its
principal place of business in the Country of Mexico.

5.      The only pending motion concerns Wachovia's Motion for Judgment
pursuant to FRCP 64 against Citibank, as garnishee.

6.      There is no discovery pending.

7.      No settlement discussions have been held with Citibank.  A settlement
conference between Wachovia and Citibank may be beneficial.

We hope that this letter satisfies the Court's inquiry concerning the status of this
Action.  Should Your Honor have any questions concerning the Action or require any
further information, please feel free to contact us.

A copy of this letter was previously circulated to all parties, and we have been
advised by counsel to Citibank and the Trustee that they have no objections to the
above.

Your Honor's consideration of the foregoing is greatly appreciated.


Respectfully submitted,

ROSNER NOCERA & RAGONE, LLP

By: _____
        Peter A. Ragone
        John P. Foudy

PAR/ds
cc:     Mark L. Radke, Esq. (mradtke@shawfishman.com)
        Barry J. Glickman, Esq. (bglickman@zeklaw.com)
Ds.honschofield.ltr.jf

The parties shall submit a joint letter informing the Court of the status of this case upon any change,
but in any event no later than January 3, 2014.
SO ORDERED.

Dated: 8/1/13
New York, NY                                4

                                LORNA G. SCHOFIELD
                                UNITED STATES DISTRICT JUDGE